Judgment of resentence, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 26, 2011, resentencing defendant, as a second violent felony offender, to concurrent terms of 13 years, with five years’ postrelease supervision, unanimously affirmed.
Defendant’s challenge to the voluntariness of his underlying 2001 plea may not be raised on this appeal from a judgment of resentence (see People v Jordan, 16 NY3d 845 [2011]; see also CPL 450.30 [3]). Although defendant asserts that he is challenging the resentencing itself as violating due process, that claim is without merit (see People v Lingle, 16 NY3d 621 [2011]). Essentially, defendant is only challenging his 2001 plea of guilty, asserting that the court’s explanation of the promised sentence was defective under People v Catu (4 NY3d 242 [2005]). In any event, the only remedy sought by defendant is the removal of postrelease supervision from his sentence, which he characterizes as specific performance of his original plea bargain. However, a Catu violation would not entitle defendant to specific performance (see People v Jones, 101 AD3d 440 [2012], lv denied 20 NY3d 1100 [2013]). Concur — Tom, J.E, Renwick, Richter, Feinman and Gische, JJ.